# Exhibit A

Filing # 139165726 E-Filed 11/24/2021 01:50:58 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>NINTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>OSCEOLA</u>   COUNTY, FLORIDA

<u>Julisa MolinaVazquez</u>
Plaintiff                                                                                          Case # _____
                                                                                                         Judge   _____

vs.
<u>Radius Global Solutions LLC</u>
Defendant

**II.   AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☒ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

**III.   TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☐ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☐ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☒ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
 ☐ Residential Evictions
 ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

 4

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Thomas John Patti III  Fla. Bar # 118377
  Attorney or party     (Bar # if attorney)

Thomas John Patti III    11/24/2021
(type or print name)     Date

# IN THE COUNTY COURT OF THE 9TH JUDICIAL CIRCUIT
# IN AND FOR OSCEOLA COUNTY, FLORIDA

Case No.

JULISA MOLINA-VAZQUEZ,

**Plaintiff,**

v.

RADIUS GLOBAL SOLUTIONS LLC,

**Defendant.**
_____/

## PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT

Plaintiff Julisa Molina-Vazquez propounds the following discovery requests on Defendant Radius Global Solutions LLC. Responses to these discovery requests are due forty-five (45) days from the below service date. Attached as Appendix "A" are definitions of terms and phrases used in these discovery requests.

The responses to these discovery requests must be sent *via* e-mail to: **Thomas J. Patti, Esq.**, at tom@jibraellaw.com, **Bryon Young**, at bryon@jibraellaw.com, and **Dean Gassert**, at dean@jibraellaw.com.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 24, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No. 118377
E-mail:  tom@jibraellaw.com
Phone:  561-542-8550

*COUNSEL FOR PLAINTIFF*

## INTERROGATORIES

(1)  Describe, step-by-step, the process which resulted in the Collection Letter being transmitted to Plaintiff, beginning with the date and method of transmission of Plaintiff's information to Defendant, e.g., computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made), letter with debtor information printed (from where and by whom); letter with debtor information mailed (from where and by whom), computer tapes or media returned (on what occasion, when, by whom and to whom).

**Response**:

(2)  Identify by name and contact information the entity and/or vendor used by Defendant to send, prepare, draft, compile, and/or otherwise transmit the Collection Letter to Plaintiff. An example of such an entity and/or vendor is CompuMail, Inc.

**Response**:

(3)  Identify, by name and contact information, all individuals with knowledge of the identity of all vendors and third-party companies used by Defendant in the ordinary course of business.

**Response**:

(4)  Identify, by name and contact information, all third-party vendors used by Defendant in the operation and normal course of Defendant organization within the last two (2) years.

**Response**:

(5)  Identify all bank accounts and/or credit cards used to transmit payments in the ordinary course of business.

**Response**:

(6)  Please state whether or not you sent, or caused to be sent, written correspondence(s) addressed to Plaintiff in an attempt to collect upon an account in the Plaintiff's name. If so, for each such correspondence, please state the date that the correspondence was sent and by whom it was sent.

**Response**:

(7) For each correspondence identified in your response to interrogatory number six (6) above, please state whether or not you utilized, hired, retained, contracted with or otherwise engaged a third-party to draft, prepare, generate, print, mail and/or otherwise transmit the correspondence. If so, please identity each such third-party by name, address, and telephone number, and state how each third-party was utilized. The term "third-party" includes, but is not limited to, a printing, letter and/or mailing vendor, an example of which is CompuMail, Inc.

**Response**:

(8) For each third-party identified in your response to interrogatory number seven (7) above, please list the information regarding Plaintiff and/or any account in the name of Plaintiff that was provided by you to the third-party (e.g. name, address, account number(s), account balance(s), account creditor(s), account owner(s), account status(es), date(s) of service, etc.) and the manner by which the information was provided.

**Response**:

(9) For each third-party identified in your response to interrogatory number seven (7) above, please describe fully any system(s), file(s), and/or document(s) that were used to transmit information regarding Plaintiff to the third-party.

**Response**:

(10) For each third-party identified in your response to interrogatory number seven (7) above, please identify any documents reflecting any agreement(s) or understanding between you and the third-party.

**Response**:

(11) Please identify all individuals employed by you with knowledge of each third-party identified in your response to interrogatory number seven (7) above, the relationship between you and each third-party, and the manner in which you utilized each third party with respect to the correspondence(s) identified in your response to interrogatory number six (6) above.

**Response**:

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(12) List all scrubbing functions performed in the ordinary course of business and the name of such scrubbing service providers.

**Response:**

(13) Identify the documents specified by Rule 69V-180.080, Florida Administrative Code, that Defendant maintains.

**Response:**

(14) Identify the documents specified by Rule 69V-180.080, Florida Administrative Code, maintained by Defendant regarding Plaintiff or the Debt that are current within one week of the current date.

**Response:**

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

PAGE | 4 of 12

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## REQUEST FOR PRODUCTION OF DOCUMENTS

*Please produce copies of the following documents:*

(1) Copies of the documents that Defendant sent to Plaintiff during the two (2) years prior to the commencement of the above-captioned action.

(2) Copies of the documents utilized or referenced by Defendant to create or draft the Collection Letter.

(3) Copies of invoices and/or receipts involving or reflecting services that were either paid by, or rendered to, Defendant within the last two (2) years.

(4) Copies of the documents, including manuals, instructions and guidelines, setting forth the policies and procedures of debt collection employed by Defendant during the two (2) years prior to the commencement of the above-captioned action.

(5) Copies of all agreements and/or contracts with all vendors and/or third-party companies used by Defendant in the ordinary course of business.

(6) Copies of all communications (including e-mails) regarding and/or involving the use of vendors.

(7) Copies of all communications discussing, involving, or related to <u>Hunstein v. Preferred Collection & Mgmt. Servs.</u>, No. 19-14434, 2021 U.S. App. LEXIS 11648 (11th Cir. Apr. 21, 2021).

(8) Copies of bank and credit card statements for the last two (2) years of all accounts used by Defendant.

(9) A copy of the records specified by Rule 69V-180.080(1) that Defendant is required to maintain, and keep up to date within one week of the current date.

(10) A copy of the records specified by Rule 69V-180.080(2) that Defendant is required to maintain, and keep up to date within one week of the current date.

(11) A copy of the records specified by Rule 69V-180.080(3) that Defendant is required to maintain, and keep up to date within one week of the current date.

(12) A copy of the records specified by Rule 69V-180.080(4) that Defendant is required to maintain, and keep up to date within one week of the current date.

(13) A copy of the records specified by Rule 69V-180.080(5) that Defendant is required to maintain, and keep up to date within one week of the current date.

PAGE | 5 of 12

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(14)   A copy of the records specified by Rule 69V-180.080(6) that Defendant is required to maintain, and keep up to date within one week of the current date.

(15)   A copy of the records specified by Rule 69V-180.080(7) that Defendant is required to maintain, and keep up to date within one week of the current date.

(16)   A copy of the records specified by Rule 69V-180.080(8) that Defendant is required to maintain, and keep up to date within one week of the current date.

(17)   A copy of the records specified by Rule 69V-180.080(9) that Defendant is required to maintain, and keep up to date within one week of the current date.

(18)   A copy of the records specified by Rule 69V-180.080(10) that Defendant is required to maintain, and keep up to date within one week of the current date.

(19)   A copy of the records specified by Rule 69V-180.080(11) that Defendant is required to maintain, and keep up to date within one week of the current date.

(20)   A copy of the "written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer" required by Rule 69V-180.090(2).

(21)   A complete copy of any insurance policies covering Defendant for violations of the FDCPA or FCCPA during the relevant period.

(22)   Copies of the documents relied or referenced by Defendant in responding to the Interrogatories propounded on Defendant in the above-captioned action.

(23)   Copies of the documents that Defendant was asked to identify in response to Plaintiff's interrogatories.

(24)   Copies of all reports and documents utilized by an expert which Defendant proposes to call at trial.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

PAGE | 6 of 12

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## REQUESTS FOR ADMISSION

*Please admit or deny the following:*

(1) Admit that the Collection Letter is a true and correct copy of a document Defendant sent to Plaintiff.

(2) Admit that the Collection Letter is a communication in connection with the collection of a debt.

(3) Admit that Defendant is a "consumer collection agency" as defined by the FCCPA.

(4) Admit that Defendant is actively registered as a consumer collection agency with the Florida Office of Financial Regulation.

(5) Admit that Defendant maintains all records specified by Rule 69V-180.080, Florida Administrative Code.

(6) Admit that all records maintained by Defendant, as specified by Rule 69V-180.080, Florida Administrative Code, are current to within one week of the current date.

(7) Admit that the Debt is a "consumer debt" as defined by the FDCPA;

(8) Admit that Defendant is a "debt collector" as defined by of the FDCPA.

(9) Admit that Defendant engaged in collection activity by sending the Collection Letter to Plaintiff.

(10) Admit that you attempted to collect a financial obligation from Plaintiff within the last year.

(11) Admit that you attempted to collect a financial obligation from Plaintiff within the last year that was incurred primarily for personal, family, or household purposes.

(12) Admit that you utilized a third-party to generate correspondence addressed to Plaintiff within the last year.

(13) Admit that you utilized a third-party to print correspondence addressed to Plaintiff within the last year.

(14) Admit that you utilized a third-party to mail correspondence addressed to Plaintiff within the last year.

(15) Admit that you utilized a third-party to generate the correspondence addressed to Plaintiff that is attached as an exhibit to Plaintiff's Complaint in this case.

(16) Admit that you utilized a third-party to print the correspondence addressed to Plaintiff that is attached as an exhibit to Plaintiff's Complaint in this case.

(17) Admit that you utilized a third-party to mail the correspondence addressed to Plaintiff that is attached as an exhibit to Plaintiff's Complaint in this case.

(18) Admit that you use an instrumentality of interstate commerce in a business the principal purpose of which is the collection of debts.

(19) Admit that you use the mails in a business the principal purpose of which is the collection of debt.

(20) Admit that you regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

(21) Admit that Plaintiff did not give consent directly to you to communicate with anyone in connection with the collection of a debt from Plaintiff.

(22) Admit Defendant utilizes third-party services in the ordinary course of business.

(23) Admit that Defendant uses scrubbing services in the ordinary course of business.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

PAGE | 8 of 12

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## **VERIFICATION**

Under penalties of perjury, I, the undersigned affiant, declare that I have read the above Answers to Interrogatories, and that the Answers are true and correct.

_____
AFFIANT SIGNATURE

_____
PRINTED NAME OF AFFIANT

_____
CAPACITY / TITLE OF AFFIANT

**BEFORE ME**, the undersigned authority, personally appeared _____, who produced as identification _____, bearing number _____ expiring on _____ who did take an oath, who stated that he/she is the person noted above, and that, according to his/her best knowledge and belief, the forgoing answers are true and correct.

Sworn to and subscribed before me, this _____ day of _____, 201\_\_\_\_\_.

_____
SIGNATURE OF NOTARY

_____
PRINTED NAME OF NOTARY

SEAL OF NOTARY

## APPENDIX "A" – DEFINITIONS

(1)   "Action" shall mean the above captioned matter.

(2)   "Any," "All," and "each" shall be construed as any, all and each.

(3)   "And" shall mean and/or.

(4)   "Concern," "concerning," "refer," "referring," "relate, " "relating," "regard," or "regarding" shall all mean documents which explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, relate, describe, discuss, consider, concern, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge upon, or impact the subject matter of the request;

(5)   "Complaint" means the operative Complaint filed in the above captioned action.

(6)   "Collection Letter" shall refer to the "Collection Letter" identified in the Complaint.

(7)   "Communication" or "sent" includes every manner or means of disclosure, transfer, or exchange of information, and/or attempt thereof, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise, and/or attempt thereof.

(8)   "Defendant," "you," and "your" shall mean the above-captioned Defendant, any of its directors, officers, sales, agents, managers, supervisors, general agents, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other persons purporting to act on their behalf. These defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf, including those who sought to communicate with Plaintiff during the relevant time-period whether by letter, e-mail, text message, or any other medium, regardless of whether successful or unsuccessful.

(9)   "Debt" shall refer to the obligation or purported obligation which Defendant sought to collect from Plaintiff in the Collection Letter.

(10)   "Document" means the original, and all non-identical copies (whether different from the original because of additional notations or otherwise), of all written, printed, typed, recorded, electronically or digitally stored, or graphic matter, however produced or reproduced, in the actual or constructive possession, custody, or control of plaintiff including, without limitation, all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data compilations (whether tangible or intangible from which information can be obtained, discerned, or can be translated through detection devices into a reasonably usable tangible form), correspondence, memoranda, data, notes of conversations, diaries, papers, letters, e-mail communications, telegrams,

        messages of any kind, minutes of meetings, stenographic or hand-typed and written notes, appraisals, bids, account books, checks, invoices, ledgers, agreements, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, Xerox or any other tangible things which constitute or contain matters within the scope of the Fed. R. Civ. P. 26, 33, 34 and 36.

(11)    "FCCPA" means the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq.

(12)    "FDCPA" means the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

(13)    "Including" means: (1) including, but not limited to, or (2) including, without limitation. Any examples which follow these phrases are set forth to clarify the request, definition or instruction, not limited to the request, definition or instruction.

(14)    "Identify" with respect to natural person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(15)    "Or" shall mean and/or.

(16)    "Payment" shall include all available methods of funds tender, including but not limited to: cash; money order, a negotiable instrument such as a check, note, or draft; an ACH debit; bank, wire, or electronic-funds transfer; and, credit-card payment.

(17)    "Person" or "Persons" shall mean natural persons, proprietorships, joint ventures, partnerships, corporations, trust, groups, associations, organizations, governmental agencies and all other entities.

(18)    "Plaintiff" or "Plaintiff's" shall mean the above-captioned Plaintiff.

(19)    "Relevant time period," "relevant period" or "during the relevant period" refers to a finite length of time, the duration of which is uninterrupted, that begins three years prior to commencement of the above captioned action, and ends on November 8, 2021.

(20)    "Third-party," "third-parties," "vendor," and/or "vendors," shall mean: any person or entity other than Plaintiff, Plaintiff's attorney, the current creditor of the Consumer Debt and said current creditor's attorney.

(21)    The phrase "as defined by the FDCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under 15 U.S.C. § 1692a.

PAGE | 11 of 12

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(22) The phrase "as defined by the FCCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under Fla. Stat., § 559.55.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

PAGE | **12** of **12**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Filing # 143625297 E-Filed 02/09/2022 04:24:45 PM

IN THE COUNTY COURT OF THE 9TH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA

Case No.: 2021 CC 004086 CL

JULISA MOLINA-VAZQUEZ,

    Plaintiff,

v.

RADIUS GLOBAL SOLUTIONS LLC,

    Defendant.

_____/

**CIVIL ACTION SUMMONS**

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

> Radius Global Solutions LLC
> C/O: CT Corporation System
> 1200 South Pine Island Road
> Plantation Florida 33324

    Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, Jibmel. S. Hindi, Esq., The Law Offices of Jibrael S. Hindi, PLLC, 110 SE 6th Street, Suite 1744, Fort Lauderdale, Florida 33301, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on: 2/16/22

Kelvin Soto, Clerk of the Court

By: _____
As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away.

If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

Dated: February 9, 2022

Respectfully Submitted,

/s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
*COUNSEL FOR PLAINTIFF*